**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2007[*]
Decided November 2, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1941

| | |
|---|---|
| LATONIA SMITH,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JOHN E. POTTER, Postmaster<br>General of the United States Postal<br>Service,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Southern District of<br>Indiana, Indianapolis Division<br><br>No. 1:04-cv-1487-JDT-TAB<br><br>John Daniel Tinder,<br>*Judge.* |

## O R D E R

Latonia Smith, a distribution clerk for the United States Postal Service, sued her employer claiming that it suspended her without pay because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The district court granted summary judgment to the Postal Service. Smith appeals, and we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

While at work at an Indianapolis post office, Smith, who is black, collided with her white co-worker, Chris Litsey, as they passed each other in a crowded hallway. Smith characterizes the incident as an assault, similar to a football block; other witnesses described the collision as an accident. As a result of the collision, Smith was diagnosed with a shoulder contusion and given work restrictions.

Smith reported the altercation to her supervisor, Rhonda Davis, who promptly asked Litsey for his account of the incident. Litsey told her that he had bumped into Smith in the hallway. He explained that a month earlier Smith had accidentally run into him with a cart and since then the two would jokingly pretend that they were about to collide. Litsey also mentioned that Smith had hit him a second time in response to the initial collision. Davis told Smith what Litsey had said, but Smith told her he was lying and that she should just "forget it." Smith nevertheless reported the incident again, this time to branch manager Cathy Vaughn Jarrett, who began a formal investigation.

As part of her investigation, Vaughn Jarrett interviewed witnesses to the incident, who gave divergent accounts of what happened. One witness reported that Litsey had bumped into Smith. Another told Vaughn Jarrett that he had observed Smith yelling at Litsey but did not see any contact between them. A third described Litsey "flipping" Smith with the back of his hand; Litsey explained that he had put his hand on Smith's shoulder to apologize for running into her. Finally, a fourth witness stated that she saw Smith yell at Litsey and hit his arm after the initial collision. This last witness report, together with Litsey's offhand remark that Smith had not meant to hit him, concerned Vaughn Jarrett. She decided to reinterview witnesses to learn more about Smith's conduct.

Meanwhile, Smith was unhappy with the responses to her complaint and contacted the local Postal Inspector and an EEOC attorney to file an EEO complaint. She told them that the Postal Service made her feel insignificant and that she was frustrated with its response to workplace violence. She also copied her complaint to Vaughn Jarrett.

As Vaughn Jarrett continued to investigate, she learned that several witnesses thought Smith had deliberately hit Litsey after the initial collision. Vaughn Jarrett spoke with Smith again, this time with a union representative present, but Smith denied hitting Litsey, even when confronted with the contrary witness statements. Nonetheless, Vaughn Jarrett concluded that Smith had in fact hit Litsey. She provided the results of her investigation to Smith's supervisor, Debra Young. After reviewing the investigation, Young concurred with Vaughn Jarrett's assessment and additionally concluded that Smith had lied during the investigation. Young then fired Smith for striking Litsey and providing false information during an official investigation. (The Postal Service later reduced the termination to a suspension without pay, and Smith returned to work about nine

months later.) Litsey received only a warning letter for his part in the altercation, the mildest form of disciplinary action taken by the Postal Service.

After returning to work, Smith filed the present lawsuit, claiming that her suspension without pay was motivated by race and sex discrimination and that the Postal Service retaliated against her for contacting the EEOC. She withdrew her retaliation claim before the district court had an opportunity to review it, conceding that "discovery ha[d] generated insufficient evidence upon which she could prove her retaliation claim." The case proceeded to summary judgment on her remaining two claims. The district court granted summary judgment to the Postal Service because Smith had provided no evidence from which a jury could conclude that the Postal Service's stated reason for her discipline was pretext for discrimination. The district court also awarded the Postal Service its costs.

On appeal, Smith challenges the district court's grant of summary judgment to the Postal Service and the award of costs. We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in the light most favorable to the non-moving party. *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 680 (7th Cir. 2007). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(c)).

Smith first attempts to revive the retaliation claim that she withdrew after the Postal Service filed its motion for summary judgment. But the district court never evaluated her retaliation claim on its merits, so we cannot review that claim or consider the additional documents she has provided to support it. *See Chavez v. Ill. State Police*, 251 F.3d 612, 628 (7th Cir. 2001).

Smith next argues that she provided sufficient evidence, through the indirect method of proof, to survive summary judgment on her race and gender discrimination claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). The district court assumed without deciding that Smith satisfied her prima facie case, and granted summary judgment because Smith could not show that the Postal Service's articulated reason for disciplining her—that she hit Litsey and lied about it—was pretext for discrimination. *See Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 754 (7th Cir. 2006). To constitute pretext, the Postal Service's reason for disciplining Smith must be a lie. *Id.* It does not matter whether the Postal Service made the right decision, so long as its justification for disciplining Smith is an honest one. *Id.*

In an attempt to show pretext, Smith argues that the Postal Service's investigation of her altercation with Litsey was shoddy and differed procedurally from its investigation of a prior incident in which an African-American woman

struck a white man.  She also notes that Litsey's punishment was less severe than hers.  But Smith does not argue that the Postal Service's stated reason for suspending her was not its actual reason.  *See Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006).  Rather, Smith's arguments—that Litsey lied to the investigators, that Vaughn Jarrett did not interview witnesses quickly enough, and that the Postal Service neglected to comply with its internal procedures for investigating the altercation—all challenge the correctness of the Postal Service's conclusion that Smith hit Litsey.  That the Postal Service may have been wrong to suspend Smith does not show that it lied about its reason for doing so.  *See id.* at 419.  Because Smith has offered no evidence showing that the Postal Service's proffered reason is a lie, the district court properly granted summary judgment to the Postal Service.  *Burks*, 464 F.3d at 755.

Finally, Smith asks that we reverse the district court's award of costs to the Postal Service.  *See* Fed. R. Civ. P. 54(d)(1).  Smith appears to argue that because she has filed this appeal, the Postal Service cannot be the prevailing party and thus is not entitled to its costs under Rule 54.  But we have previously rejected this argument, and so we will not disturb the district court's award.  *See Hoeller v. Eaton Corp.*,149 F.3d 621, 625-26 (7th Cir. 1998).

AFFIRMED.